**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TOGAR MARULITUA SIBUEA, | No. 07-70557 |
| Petitioner, | Agency No. A095-634-708 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Togar Marulitua Sibuea, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and dismiss in part and deny in part the petition for review.

We lack jurisdiction over Sibuea's claim that extraordinary circumstances excuse the untimely filing of his asylum application because the particular argument that Sibuea raises in his opening brief was not exhausted before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Therefore, we dismiss the petition with respect to Sibuea's asylum claim.

Substantial evidence supports the agency's determination that fundamental changes in circumstances in Indonesia rebut the presumption that Sibuea's life or freedom would be threatened on account of his beliefs. *See Sowe v. Mukasey*, 538 F.3d 1281, 1285–86, 1288 (9th Cir. 2008) (agency rationally construed country report and provided individualized analysis of changed conditions specific to petitioner's situation). Thus, Sibuea's claim for withholding of removal fails.

Substantial evidence also supports the agency's denial of CAT relief because Sibuea failed to show that it is more likely than not that he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**